**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cheryl Marie WESTHAFER,
Defendant—Appellant.**

No. 01–10574.

D.C. No. CR–96–00037–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 13, 2002.

Before HAWKINS, GRABER, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Cheryl Marie Westhafer pleaded guilty in 1996 to aiding and abetting a theft from a bank. She does not challenge her plea or conviction but, instead, appeals the district court's order revoking her supervised release and sentencing her to eight months of incarceration. Westhafer completed her entire sentence on May 3, 2002, was released from custody, and is no longer subject to supervision.

In the circumstances, the appeal has become moot. A favorable judicial decision could not redress the alleged injury. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (holding that the appeal of a decision to revoke parole was moot after the defendant had completed his entire sentence for a parole revocation); *United States v. Palomba,* 182 F.3d 1121, 1123 & n. 3 (9th Cir.1999) (holding that a defendant lacks standing to challenge a completed sentence when the correctness of the underlying conviction is not challenged). Westhafer's suppositions about potential future collateral consequences are too speculative to create a case or controversy. *Spencer,* 523 U.S. at 14–16, 118 S.Ct. at 987.

Appeal DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

